LEE v. DURHAM.

(Court of Civil Appeals of Texas. Austin. April 23, 1913.)

1. EVIDENCE (§ 445*) — PAROL EVIDENCE — WRITTEN INSTRUMENT.

In an action on a note against a surety, who was a principal debtor as to plaintiff, an allegation in the answer that plaintiff had agreed for a consideration to extend the time for the payment of the note and to accept payment by the person, for whose benefit the note was made, in work during the latter's occupancy of lands owned by plaintiff, and at the time leased to such person, and that he had done work for plaintiff of value more than sufficient to pay the note, was not objectionable as an attempt to change the terms of the note, which required payment in cash by making it payable in work, labor, and the products of the leased farm.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2052–2065; Dec. Dig. § 445.*]

2. FRAUDS, STATUTE OF (§ 139*)—CONTRACT FOR SERVICES—PERFORMANCE WITHIN YEAR.

In an action against a surety on a note, an allegation that plaintiff agreed for a consideration to extend the time of payment for one year, and that the principal debtor might pay the note by work for plaintiff, and that he had done work of greater value than the amount due on the note, was not objectionable on the ground that the oral contract that the note might be paid in work was within the statute of frauds as a contract for services not to be performed within a year; the services having been alleged to have been actually performed and it not appearing that they could not have been performed within a year.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 334–341; Dec. Dig. § 139.*]

Appeal from Hamilton County Court; R. Q. Murphree, Judge.

Action by J. J. Durham against R. E. Lee. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Langford & Chesley, of Hamilton, for appellant. Chris Emmett, of Houston, and J. L. Lewis, of Hamilton, for appellee.

JENKINS, J. This was a suit upon a note given for a debt owing by one W. L. Jones to appellee. Appellant, in so far as appellee is concerned, was a principal upon said note. Appellant alleges that at the time of the maturity of said note said Jones was unable to pay the same, and that plaintiff, at the request of said Jones and one Jernigan, another surety upon said note, and of appellant, for a valuable consideration, agreed to extend the time of the payment of said note for one year; and further agreed that said Jones might pay the said note in work during his occupancy of certain farming lands owned by appellee, and at that time leased to said Jones. Appellant further al-

leges that, in accordance with said agreement, the said Jones did certain work for appellee of value more than sufficient to pay said note, under an agreement with appellee that said work, in so far as the amount of the same was necessary, should be applied to the payment of the note upon which this suit was brought.

[1] Appellee filed several special exceptions to said answer, among which was that the same was insufficient for the reason that it "attempts to change the terms of a written instrument, to wit, the note sued on, which note specifies the payment of dollars and cents, and makes the payment to be made in work, labor, and products of the farm of J. J. Durham." This exception was sustained, and in this we hold that the trial court committed error. Proof of such facts would not have had the effect to change the terms of a written instrument, but would have proven a new contract, by the terms of which Jones was permitted to discharge said debt in labor. Appellee suggests that, even if it was error in the court to sustain this exception, it is harmless, for the reason that the court overruled appellee's special exception No. 2. But special exception No. 2 was to the effect that the oral contract changing the terms of payment did not appear to be supported by a valuable consideration. The overruling of this exception did not have the effect to overrule the exception as to the change in the terms of the instrument, which exception, as above stated, was sustained by the court.

[2] In addition to this, the following special exception was sustained by the court: "And further excepting to said answer, plaintiff says that defendant should not be permitted to maintain his action, and that his answer should be stricken out for the following reasons, to wit: Defendant's answer shows upon its face that said alleged contract and agreement was not to have been and could not have been performed within a year from the making thereof, and therefore said alleged contract would come within the statute of frauds No. 2,543, subdivision 5, and he should therefore not be permitted to maintain his action, and of this he prays judgment of the court."

The effect of sustaining this exception was to strike out all of defendant's answer. The prayer is "that his answer should be stricken out." Appellant declined to amend or to proceed further with the trial. We do not think, under the rulings of the court as above set out, that he could have proceeded with the trial; that is to say, the effect of said ruling was to deny him the right to introduce evidence in support of his answer. It was error for the court to sustain the last-named exception, for the reason that it does not appear that said contract could not have been performed within a year; and, besides, it is immaterial as to whether it could

have been so performed or not, inasmuch as appellant alleged that it was actually performed, and that said note in this manner had been fully paid.

For the errors above pointed out, the judgment of the trial court is reversed, and this cause is remanded.

Reversed and remanded.