LEE v. DURHAM. (No. 5944.)

(Court of Civil Appeals of Texas. Austin. June 22, 1918.)

1. CONTRACTS  ⊜⟞51 — CONSIDERATION — BENEFIT TO PROMISOR.

Where D. accepted, in renewal of J.'s note, note signed by J. and L. as principals, D.'s agreement, with L.'s consent, made at the time of extending the renewal note, that D. would let J. work off the debt on D.'s farm, was without consideration, where it did not appear that any advantage accrued to D. on account of such promise.

2. ESTOPPEL  ⊜⟞78(5)—CONTRACT.

Where debtor, J., gave note to D., secured by chattel mortgage and to meet unsecured obligation due L., all parties agreed to a renewal note signed by L. and J., as principals, and release of mortgage, and a subsequent agreement was made, on extending the renewal note, whereby D. was to let J. work off debt on a farm, which agreement was superseded, because of inability of J. to get supplies, by contract to work farm, D. to furnish supplies and to be reimbursed therefor, D. *held* not estopped by original contract from suing L., where the bill for supplies exceeded the amount of work J. did.

Appeal from Hamilton County Court; H. E. Trippet, Judge.

Action by J. J. Durham against R. E. Lee. From a judgment for plaintiff, defendant appeals. Affirmed.

H. E. Chesley, of Hamilton, for appellant. A. R. Eidson, of Hamilton, for appellee.

KEY, C. J. This suit originated in a justice of the peace court, and was appealed to and finally tried in the county court, where the plaintiff obtained a judgment against the defendant upon a promissory note, which the defendant admitted he executed. This is the second time the case has been in this court, and a fuller statement of it will be found in Lee v. Durham, 156 S. W. 1135. At the last trial the case was submitted to a jury upon special issues, and, after verdict, judgment was rendered for the plaintiff, from which judgment the defendant, Lee, prosecutes this appeal.

[1] The undisputed proof shows: That one W. L. Jones was indebted to appellee, Durham, upon a promissory note, which was secured by mortgage on Jones' team, cotton crop, and an organ. At the same time Jones was indebted to appellant, Lee, which debt was not secured. That the three parties entered into an agreement, by which appellee,

Durham accepted a renewal note for the debt Jones was owing him, which note was signed by W. L. Jones, appellant, R. E. Lee, and two other persons, all signing as principals. Thereupon Durham released his mortgage on the property referred to, and Jones sold it and applied part of the proceeds to the payment of the debt he owed appellant, Lee. The note just referred to, signed by appellant, Lee, and others, fell due in October, 1907, and soon thereafter an agreement was entered into extending the time of payment for one year; and as W. L. Jones and his son and son-in-law were about to become tenants upon a farm belonging to appellee, Durham, the latter promised to let W. L. Jones do work on his farm to pay off the note, and Jones agreed to do so. This agreement was entered into at the suggestion, and by the consent, of appellant, R. E. Lee. It does not appear that any advantage accrued to appellee, Durham, on account of such promise upon his part, and therefore we hold that it was without consideration, and not binding upon him. However, and be that as it may, the undisputed proof shows that before the written contract of agency was entered into, and after the verbal agreement just referred to, W. L. Jones and his associates ascertained that, as they could not get any one to furnish them the necessary supplies to run the farm, they could not carry out their verbal agreement, and in view of that fact another and different rent contract was entered into, by which appellee, Durham, was to furnish them feed for their teams, and certain other supplies to enable them to make a crop, and was to be reimbursed therefor by the products of the land cultivated, and such labor as Jones and his associates might perform for Mr. Durham. Jones and his associates remained on the farm and cultivated the same for the years 1908 and 1909, and in a final settlement made in 1910, after allowing credit for all the labor they had performed for Mr. Durham, they owed him over $500 for feed and other supplies furnished under the rent contract. The foregoing facts being undisputed, the court might well have instructed the verdict for the plaintiff Durham, and therefore the judgment in his favor must be permitted to stand.

[2] Appellant's contention that the note in in question had been paid, because W. L. Jones performed more than enough labor on Mr. Durham's farm to pay off the note under the original verbal agreement, and the further contention that Durham should be held to be estopped and denied the right to apply such labor to the discharge of Jones' indebtedness under the rental contract subsequently made, are without merit. The verbal agreement referred to was superseded by the subsequent contract, by the terms of which appellee, Durham, had the right to apply whatever compensation he owed Jones

for labor performed to the satisfaction of Jones' indebtedness to him under the subsequent contract, and there was no contract existing between appellant and appellee that would deny to the latter the right to make the subsequent contract. As before said, if at the time appellee granted an extension of the payment of the note he promised to apply whatever labor Jones might perform to its satisfaction, such promise was without consideration, and not binding upon him.

As to the question of estoppel, which always rests upon the doctrine of equity, we find nothing in appellant's favor. On the contrary, the equities seem to be in favor of appellee, Durham. In the first place, he released a mortgage in order that Jones might sell the mortgaged property and apply part of the proceeds to the payment of an unsecured debt he owed appellant, Lee. In the second place, if he had not released Jones from the original verbal agreement to rent the farm, the latter and his associates would have abandoned the same, and would not have performed the service which Lee now contends constituted payment of the note sued on. In other words, appellant's plea of estoppel is based upon the original verbal agreement, which was abrogated and set aside by the subsequent agreement entered into, because of the fact that Jones and his associates could not perform their part of the original agreement. Hence we hold that the trial court did not commit error in striking out the plea of estoppel, and we also hold that under the terms of the second contract appellee had the right to have the labor performed by Jones and his associates applied, as was done, to the discharge of their indebtedness to appellee under that contract, and appellant has no right to have it applied to the discharge of the debt involved in this suit.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.